**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4593**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

VIRGIL LAMONTE JOHNSON, a/k/a Ghetto,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, Senior
District Judge.   (3:12-cr-00850-CMC-3)

───────────

Submitted:  January 31, 2014        Decided:  March 26, 2014

───────────

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Joshua Snow Kendrick, KENDRICK & LEONARD, P.C., Greenville,
South Carolina, for Appellant.   William Kenneth Witherspoon,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Virgil Lamonte Johnson was convicted of: conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846 (2012) (Count One); conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a) (2012) (Count Two); conspiracy to use or carry a firearm during and in relation to a drug trafficking crime or crime of violence, 18 U.S.C. § 924(o) (2012) (Count Three); using or carrying a firearm during and in relation to a drug trafficking crime or crime of violence, 18 U.S.C. § 924(c)(1)(A) (2012) (Count Four); and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012) (Count Seven). Johnson received an aggregate sentence of 270 months in prison.

Johnson now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that there are no meritorious issues for appeal. Johnson has filed a pro se brief raising additional issues. Finding no error, we affirm.

I

Johnson first questions whether the evidence was sufficient to convict him on all counts. We review de novo the sufficiency of the evidence supporting a conviction. United States v. McLean, 715 F.3d 129, 137 (4th Cir. 2013). In assessing evidentiary sufficiency, we must determine whether,

2

viewing the evidence in the light most favorable to the Government and accepting the factfinder's determinations of credibility, the verdict is supported by substantial evidence—that is, "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted).

The evidence presented at trial established that undercover officers approached Tarren Hughey, claiming to need someone to stage a home invasion and robbery of a "stash house" operated by Colombian drug dealers. The undercover officers told Hughey that there might be between ten and fifteen kilograms of cocaine in the house. Hughey recruited Johnson and Andre Brice to assist in the invasion.

Johnson and Hughey discussed plans for the robbery on several occasions. Additionally, Johnson met with the undercover officers, Hughey, Brice, and a confidential informant at a restaurant on October 12, 2012, to discuss the impending operation. Following that meeting, Johnson returned with Hughey to Hughey's home, where they reviewed their plans. Among other things, Johnson was to enter the house and restrain the occupants with duct tape.

On October 16, 2012, the day of the planned robbery, Johnson, Brice, and Hughey met at Hughey's apartment, where Johnson selected a handgun to carry during the robbery. The men learned that the confidential informant, who was supposed to be their driver, had been arrested. Accordingly, they decided that Brice would serve as the driver, that Hughey and Johnson would enter the stash house, and that Johnson would secure the occupants with duct tape.

Before the robbery, Johnson, Hughey, and Brice stopped and purchased gloves to wear during the robbery. Next, they arrived at a parking lot, where they had planned to meet two undercover officers. Johnson, who was armed with the handgun described above, reminded one officer to be certain the door of the stash house was left open. The five men then drove to a storage facility, where Johnson, Hughey, and Brice thought they were going to pick up a vehicle that they were to use during the home invasion. At the storage facility, they were arrested. During a search incident to their arrests, officers recovered five handguns, three bulletproof vests and ammunition. Additionally, officers recovered from Johnson's person gloves and duct tape.

In light of this testimony, we conclude that the evidence was sufficient to convict Johnson on Counts One, Two, Three, and Four. We further hold that the evidence was

4

sufficient to convict him on Count Seven, because the evidence established that Johnson voluntarily possessed a firearm. Further, a stipulation was entered at trial stating that Johnson was a convicted felon and that all the firearms and ammunition involved in the case had been shipped or transported in interstate commerce. See United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001) (setting forth elements of offense).

II

Johnson also contends that the district court erred by permitting the Government to cross-examine him using information he provided pursuant to a written "proffer agreement." The proffer agreement stated that the Government's obligations under the agreement would become null and void if Johnson were untruthful and that, in case of Johnson's untruthfulness, the Government could use any statements Johnson had provided "for any purpose." Johnson's trial testimony varied in significant ways from his proffer statement. Given the express terms of the proffer agreement, which operates like a contract, see United States v. Gillion, 704 F.3d 284, 292 (4th Cir. 2012), we conclude that the district court properly permitted use of Johnson's statement during cross-examination.

In his supplemental brief, Johnson raises several issues. We have reviewed these issues and conclude that none has merit. First, because ineffective assistance of counsel does not conclusively appear on the face of the record, it is inappropriate to address Johnson's claim of ineffectiveness on direct appeal. See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Second, because the evidence did not demonstrate Johnson's "lack of predisposition to engage in the criminal conduct," see United States v. Ramos, 462 F.3d 329, 334 (4th Cir. 2006), but instead established his willingness to commit the offenses, the Court's failure to give an entrapment instruction was not error. Finally, we find no merit to Johnson's claim of a violation of Apprendi v. New Jersey, 530 U.S. 466 (2000).

## IV

We have reviewed the entire record in this case in accordance with Anders and have found no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform Johnson, in writing, of his right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation.

Counsel's motion must state that a copy of the motion was served on Johnson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED</u>